# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DIXIE RUSSELL,**

    **Plaintiff,**

vs.

    Civil Action 2:10-cv-00360
    Judge Holschuh
    Magistrate Judge E. A. Preston Deavers

**MARY BRUMLOW,** *et al.,*

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Dixie Russell, a pro se Ohio resident, has submitted a request to file a civil action *in forma pauperis* (Doc. 1), which is **GRANTED.** All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

Having performed the initial screen of the Complaint required by 28 U.S.C. § 1915(e)(2), it is **RECOMMENDED** that the Complaint must be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon a court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. In the instant case, *sua sponte* dismissal is recommended because Plaintiff's Complaint fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). Rule 8(a) provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) *a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support*;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[1] Formerly 28 U.S.C. § 1915(d).

(emphasis added).

Plaintiff's Complaint does not satisfy Rule 8(a)(1) and fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the instant case, the Court does not have federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff attempts to plead only state-law claims. To the extent Plaintiff seeks to invoke diversity jurisdiction, her Complaint is lacking because she fails to identify the citizenship of each of the named Defendants.

A review of Plaintiff's complaint in *Graley-Brumlow Russel v. Brumlow*, Case No: 2:08-cv-1050, however, reveals diversity jurisdiction is lacking.[2] In the instant case, Plaintiff has named three Defendants: Mary Brumlow, Fred Ayers, and Roger Vest. Plaintiff named these same Defendants, among others, in Case No: 2:08-cv-1050, representing in her complaint that all of the named Defendants are Ohio citizens. (*See* Case No: 2:08-cv-1050, Doc. 2 at 4). Because

---

[2]The court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the docket in *Graley-Brumlow Russel v. Brumlow*, Case No: 2:08-cv-1050, also in the Southern District of Ohio.

Plaintiff, like each of the named Defendants, is an Ohio citizen, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

Accordingly, the Magistrate Judge **RECOMMENDS** that the Complaint be **DISMISSED** because it fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

<u>April 28, 2010</u>                                              <u>     /s/ *Elizabeth A. Preston Deavers*     </u>
                                                                                    Elizabeth A. Preston Deavers
                                                                                    United States Magistrate Judge